## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

SANDRA WASHINGTON, on behalf of
herself and all others similarly situated,

        Plaintiff,

v.

MED-SPEC. TRANSPORT, INC.

        Defendant.

Civil Action No. 18-cv-03334

COLLECTIVE AND
CLASS ACTION COMPLAINT

JURY DEMANDED

## COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, ILLINOIS' MINIMUM WAGE LAW, AND THE FEDERAL EQUAL PAY ACT

Plaintiff, SANDRA WASHINGTON, by and through her undersigned counsels, Cass T. Casper, Esq., TALON LAW, LLC, and complains as follows against Defendant on behalf of herself and all others similarly-situated.

## NATURE OF THE CASE

1. This is a collective action under the Fair Labor Standards Act ("FLSA") and an Illinois class action brought by Plaintiff SANDRA WASHINGTON ("Plaintiff"), on behalf of herself and others similarly situated, to recover overtime compensation from her employer Med-Spec. Transport, Inc. ("Defendant").

2. Defendant employs persons in the position known as "Carrier," and persons in similar positions, but improperly classifies them as "independent contractors." The

Carriers routinely work more than forty (40) hours in a workweek, but are not paid an overtime premium for any of their overtime hours.

3. Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly-situated individuals for violations of the FLSA, 29 U.S.C. § 201, *et seq.*; and, (2) as an opt-out class action on behalf of herself and the putative class for state violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*

4. Plaintiff's FLSA claim is asserted as a collective action under FLSA, 29 U.S.C. § 216(b), while her IMWL claim is asserted as a class action under Federal Rule of Civil Procedure 23.

5. Plaintiff additionally brings a claim under the federal Equal Pay Act ("EPA"), 29 U.S.C. 206(d), on behalf of herself and all others similarly-situated, for willful discrimination by Defendant based on her sex (female) in regards to pay and benefits. Plaintiff also brings this claim as an opt-out class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the federal FLSA and the federal EPA.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims brought under the IMWL, 820 ILCS 105/1, *et seq.*

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant
    operates in this district, Plaintiff works in this district, and because a substantial part
    of the events/omissions giving rise to the claims herein occurred in this district.

## PARTIES

9.  Plaintiff SANDRA WASHINGTON is an adult resident of Cook County, Illinois.
    Plaintiff has worked for Defendant as a Carrier since approximately 2012.

10. Plaintiff is assigned to pick up and deliver medical/biological specimens, and
    medical supplies, from medical locations throughout Cook County, Illinois.

11. Plaintiff brings this action on behalf of herself and all other similarly-situated
    individuals nationwide ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. §
    216(b).  Plaintiff and the FLSA collective are current and former employees of
    Defendant within the meaning of the FLSA, employed as Carriers, or other job titles
    performing similar duties, across the country within the three years predating the
    filing of this Complaint.  *See* 29 U.S.C. § 255(a).

12. Plaintiff also brings her IMWL claim as a class action pursuant to Federal Rule of
    Civil Procedure 23 on behalf of all Carriers who have worked for Defendant in
    Illinois in the past three years ("IMWL Class").  Plaintiff and the IMWL Class are
    current and former employees of Defendant within the meaning of the IMWL,
    employed by Defendant as Carriers, or other job titles performing similar duties,
    across the state of Illinois within three years predating the filing of this Complaint.

3

13. Defendant MED-SPEC. TRANSPORT, INC., is a domestic corporation incorporated and headquartered, to the best of Plaintiff's knowledge and belief, within the state of Illinois.

14. Defendant is a provider of delivery services to various hospitals, medical laboratories, and companies in the business of providing dialysis services. Defendant sells its delivery and transport services to such companies, and employs drivers, such as Plaintiff, to deliver both organic biological material, as well as medical and other supplies.

15. Upon information and belief, gross annual sales//business done by Defendant has been in excess of $500,000 during each of the three years prior to the filing of this Complaint.

16. At all times relevant, Defendant is and has been an "employer" engaged in interstate commerce and/or the production of goods and/or the procurement of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant is also an "employer" within the meaning of the IMWL, as well as under the Equal Pay Act.

17. Defendant operates in interstate commerce by, *inter alia*, dispatching its employees, equipment, supplies, and services to customers in multiple states, including Illinois, Florida, Wisconsin, Maryland, Arizona, California, Georgia, New York, and Virginia. Defendant also utilizes the instrumentalities of interstate commerce in the implementation of its services and operates on a nationwide basis.

## FACTUAL ALLEGATIONS

18. Plaintiff, the FLSA Collective, and the IMWL Class are individuals who are or were employed by Defendant as Carriers, or in other job titles performing similar duties. In these positions, their primary job duties were non-exempt work, including picking up and delivering organic and biological medical material, and medical and other supplies.

19. Plaintiff, the FLSA Collective, and the IMWL Class are individuals who were paid hourly, but they do not, and have never, received overtime pay for hours worked over forty (40) in a workweek.

20. Defendant suffered and permitted Plaintiff, the FLSA Collective, and the IMWL Class to work more than forty (40) hours a week without overtime pay.

21. Defendant has classified Plaintiff, the FLSA Collective, and the IMWL Class as independent contractors who are precluded from receiving overtime compensation.

22. Defendant at all times is and has been aware of Plaintiff's, the FLSA Collective's, and the IMWL Class' long work hours in excess of 40 hours per workweek. Plaintiff, for example, routinely works more than 40 hours per workweek in order to complete all of the deliveries she is assigned by the Defendant.

23. In addition, Plaintiff and similarly-situated current and former employees routinely work "off-the-clock," with no pay whatsoever, in order to complete all of her required deliveries within the time period allotted for her to do so by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff and the FLSA Collective restate and incorporate by reference all other paragraphs of this Complaint as if fully restated herein.

25. Plaintiff files this action on behalf of herself and all similarly-situated individuals. The proposed FLSA Collective is defined as follows:

**All persons who worked as Carriers (or other job titles performing similar job duties) for Defendant at any time since three years prior to the filing of this Complaint.**

26. Plaintiff has consented in writing to be a part of this action. Plaintiff's signed consent form is attached as Exhibit A.

27. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

28. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours a workweek without receiving overtime compensation.

29. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201, *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its Carriers overtime compensation. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

30. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective.

There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from issuance of court-supervised notice of this lawsuit and opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## FEDERAL EQUAL PAY ACT AND STATE LAW IMWL CLASS ACTION ALLEGATIONS

31. Plaintiff and the IMWL Class restate and incorporate by reference all other paragraphs of this Complaint as if fully restated herein.

32. Plaintiff, as class representative, files this action on behalf of herself and all similarly-situated individuals pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

33. The proposed IMWL Class is defined as follows:

**All persons who worked as Carriers (or other job titles performing similar job duties) for Defendant at any time since three years prior to the filing of this Complaint.**

34. The proposed EPA Class is defined as follows:

**All females who worked as Carriers (or other job titles performing similar job duties) for Defendant at any time since three years prior to the filing of this Complaint.**

35. Plaintiff has consented in writing to be a part of this EPA action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit B.

36. Members of the proposed IMWL and EPA Classes are so numerous that joinder is
impractical and inefficient. Upon information and belief, there are more than 50
members of the proposed IMWL Class, and more than 20 members of the EPA Class.
The identities of the proposed IMWL and EPA Classes may be ascertained from the
files and records of Defendant.

37. There are common questions of law and fact affecting Plaintiff and members of the
IMWL and EPA Class, including, but not limited to, whether Defendant
misclassified Plaintiff and the IMWL Class and unlawfully failed to pay them
overtime compensation, whether Defendant discriminated against members of the
EPA Class, whether Defendant failed to keep accurate time records for all hours
worked, whether Defendant's actions were willful, and the proper measure of
damages by Plaintiff, and the IMWL and EPA Class members.

38. The claims of Plaintiff are typical of the claims of the IMWL and the EPA Class.
Plaintiff had the same job duties and responsibilities as other IMWL and EPA Class
members, and other IMWL Class members worked unpaid overtime hours. Like
Plaintiff, other EPA Class members were paid less than male counterparts
performing identical and/or substantially similar job duties. Plaintiff and the IMWL
Class are and were subject to Defendant's uniform policy and practice of improperly
treating and classifying its Carriers as "independent contractors" not entitled to the
benefit of wage and hour laws nor overtime compensation. Plaintiff and the EPA

8

Class are and were subject to Defendant's policy and practice of discriminating

against female Carriers with respect to pay and benefits.

39. Plaintiff will fairly and adequately protect the interest of the proposed IMWL and

EPA Class because her interests are not inconsistent with or antagonistic to the

interests of the proposed other class members. She has retained counsel experienced

in employment litigation (Cass T. Casper, Esq., TALON LAW, LLC) and class

litigation (Art Gold, Esq., Gold & Associates).

40. The prosecution of separate actions by individual members of the class would create

a risk that inconsistent or varying adjudications with respect to individual members

of the class would establish incompatible standards of conduct for Defendant in

opposing the proposed IMWL and EPA Class, and would substantially impair or

impede the interest of other members of the proposed IMWL and EPA Class to

protect their interests. Certification under Rule 23(b)(1) is, therefore, appropriate.

41. The class action mechanism is superior to other available methods for the fair and

efficient adjudication of this controversy, particularly in the context of wage and

hour litigation where individual plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a large Defendant, such as is the

case here.

42. The members of the proposed IMWL and EPA Class have suffered damages and are

entitled to recovery as a result of Defendant's common practices and uniform

9

policies, including Defendant's willful misclassification of them as independent

contractors, and willful payment of female employees less wages and benefits than

their male counterparts. The damages suffered by class members are relatively

small compared to the expense and burden of individual prosecution of the claims

underlying this Complaint. Class certification will also eliminate the likelihood of

inconsistent judgments.

43. Plaintiff intends to send notice to all members of the proposed IMWL and EPA Class

to the extent permitted and required by Federal Rule of Civil Procedure 23.

## COUNT 1: VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the FLSA Collective)

44. Plaintiff and the FLSA Collective restate and incorporate by reference all other

paragraphs of this Complaint as if fully restated herein.

45. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one

and one-half times the regular rate of pay for all hours worked over forty (40) hours

per workweek.

46. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely

work more than forty (40) hours a workweek without overtime compensation.

47. Defendant's actions, policies, and practices described herein violate the FLSA's

overtime requirements by regularly and repeatedly failing to compensate Plaintiff

and the FLSA Collective at the required overtime rate.

10

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly-situated, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the FLSA Collective are employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. A finding that Defendant's violations of the FLSA were and are willful violations;

11

E.  Judgment against Defendant in the amount of Plaintiff and the FLSA Collective's

unpaid back wages at the applicable rates;

F.  An award of all damages, liquidated damages, pre- and post-judgment interest;

G.  An award of attorneys' fees and costs incurred in prosecuting this action;

H.  Leave to add additional plaintiffs and/or state law claims by motion, the filing of

written consent forms, or any other method approved by the Court; and,

I.  For such other and further legal and/or equitable relief as this Court deems just

and proper.

### COUNT 2: VIOLATIONS OF THE IMWL: FAILURE TO PAY OVERTIME
#### (On behalf of Plaintiff and the IMWL Rule 23 Class)

50. Plaintiff and the IMWL Class restate and incorporate by reference all other

paragraphs of this Complaint as if fully restated herein.

51. At all times relevant, Plaintiff and the IMWL Class were employees of Defendant

within the meaning of the IMWL, and, therefore, entitled to such law's protections.

*See* 820 ILCS 105/3(d).

52. Defendant is an employer within the meaning of the IMWL. *See* 820 ILCS 105/3(c).

53. The IMWL entitles employees to overtime compensation "at a rate not less than 1 ½

times the regular rate" for hours worked over forty (40) in a workweek. *See* 820

ILCS 105/4a(1).

54. Defendant violated the IMWL by routinely failing to compensate Plaintiff and the

IMWL Class for hours worked in excess of forty (40) a workweek, and with respect

to such hours, failing to compensate Plaintiff and the IMWL Class based on the overtime pay rate of one and one-half times their regular pay rate.

55. Plaintiff and the IMWL Class seek damages in the amount of their underpayments based on Defendant's failure to pay wages due pursuant to the IMWL, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

56. Plaintiff and the IMWL Class also seek recovery of all attorneys' fees, costs, liquidated damages, pre- and post-judgment interest, and expenses of this action that are available under the IMWL.

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly-situated, prays for judgment against Defendant as follows:

A.  Certification of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the IMWL Class;

B.  A finding that Plaintiff and IMWL Class are employees entitled to protection under the IMWL;

C.  A finding that Defendant violated the overtime provisions of the IMWL;

D.  Judgment against Defendant in the amount of Plaintiff and the IMWL Class' unpaid back wages at the applicable rates;

E.  An award of all damages, including liquidated damages as allowed by 820 ILCS 105/12;

F.  An award of attorneys' fees and costs incurred in prosecuting this action;

G.  Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and,

H.  For such other and further legal and/or equitable relief as this Court deems just and proper.

**COUNT 3: VIOLATIONS OF THE EQUAL PAY ACT, 29 U.S.C. § 206(d)**
**(On behalf of Plaintiff and the EPA Class)**

57. Plaintiff restates and incorporates by reference all other paragraphs of this Complaint as if fully restated herein.

58. This Count is brought on behalf of Plaintiff and all members of the EPA Class.

59. Plaintiff, a female, is employed by Defendant as a Carrier and works identical and/or substantially-similar job duties as male Carriers.

60. Defendant has discriminated against Plaintiff and similarly-situated female employees in violation of the federal Equal Pay Act, by subjecting her and EPA Class members to unequal pay on the basis of sex.

61. Defendant has discriminated against Plaintiff and similarly-situated female employees by treating them differently from and less preferably than similarly-situated male employees who performed jobs which required equal skill, effort, responsibility, and which were performed under similar working conditions. Defendant has also discriminated against them by subjecting them to less – and

14

discriminatory – pay and benefits in violation of the federal Equal Pay Act, 29 U.S.C. § 206(d).

62. As a result of Defendant's conduct alleged herein and/or Defendant's willful, knowing, and intentional discrimination, Plaintiff and similarly-situated female employees have suffered and will continue to suffer harm, including, but not limited to, lost wages, lost benefits, and other financial loss.

63. Plaintiff and similarly-situated female employees should be awarded the entire amount of underpayment, interest, costs, reasonable attorneys' fees and other statutory penalties or relief as may be allowed by the Court pursuant to 29 U.S.C. § 206(d) and other applicable provisions of the Equal Pay Act.

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly-situated, prays for judgment against Defendant as follows:

A. Certification of this Count as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the EPA Class;

B. A finding that Plaintiff and EPA Class are employees entitled to protection under the Equal Pay Act;

C. A finding that Defendant violated the equal pay provisions of the Equal Pay Act;

D. Judgment against Defendant in the amount of Plaintiff and the EPA Class' unpaid wages at the applicable rates;

E.   An award of all damages, including unpaid minimum and overtime wages, and liquidated damages as allowed by 29 U.S.C. § 216(b);

F.   An award of reasonable attorneys' fees and costs incurred in prosecuting this action; and,

G.   For such other and further legal and/or equitable relief as this Court deems just and proper.

<u>**CONCLUSION**</u>

FOR THE FOREGOING REASONS, Plaintiff prays that this Honorable Court grant the relief sought in all Counts in this Complaint, on behalf of herself and all others similarly-situated.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS**

DATED: MAY 9, 2018

Respectfully submitted,

*/s Cass T. Casper*

By:_____

*Cass T. Casper*
*One of Plaintiff's*
*Attorneys*

*Cass T. Casper, Esq. (IL #6303022)*
TALON LAW, LLC
1153 West Lunt Avenue, Suite 253
Chicago, Illinois 60626
P: (312) 351-2478

16

F: (312) 276-4930
E: ctc@talonlaw.com