IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA WASHINGTON, and MICHAEL RATLIFFE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MED-SPEC. TRANSPORT, INC., an Illinois corporation; <br><br> MED-SPEC. TRANSPORT, INC., a Florida corporation; <br><br> LOGISTICS TRANSPORT MANAGEMENT, LLC, a Florida limited liability company; and <br><br> WILLIAMS JENKINS; <br><br> Defendants. | Case No. 18 CV 3334 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

As alleged in the second amended complaint, defendant Williams Jenkins ("Jenkins")[*] owns and operates three delivery companies ("the companies"): Med-Spec Transport, Inc., an Illinois corporation; Med-Spec Transport, Inc., a Florida corporation; and Logistics Transport Management, LLC ("LTM"), a Florida limited liability company. The companies deliver medical supplies to hospitals, medical laboratories, and dialysis companies throughout Cook County. To

---

[*] The declarations filed by Jenkins suggest that his first name is "William," not "Williams."

deliver supplies to their customers, the companies employ carriers. The carriers, to whom the companies pay hourly wages, drive to clinics to pick up medical supplies and deliver those supplies to the companies' customers.

On behalf of three putative classes of similarly-situated carriers, plaintiffs Sandra Washington and Michael Ratliffe bring claims for: (1) unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1); (2) unpaid overtime wages under the Illinois Minimum Wage Law, 820 ILCS 105/4a(1); and (3) sex-based wage discrimination under the Equal Pay Act, 29 U.S.C. § 206(d). Washington and Ratliffe also brought individual claims under the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), alleging that the companies discriminated against them for filing this suit, but Washington and Ratliffe voluntarily dismissed those claims (Doc. 50). Defendants Jenkins and LTM have not been served with process and have not appeared in this case.

The two Med-Spec Transport companies (the "moving defendants") move under Fed. R. Civ. P. 12(b)(6) to dismiss the remaining claims against them. To avoid dismissal, the claims stated in the complaint must be plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the court, taking the facts alleged in the complaint as true, can reasonably infer that the defendant is liable. Id. Because the carriers state plausible claims for: (1) unpaid overtime wages; and (2) wage discrimination based on sex, the moving defendants' motion to dismiss is denied.

**1      Overtime wage claims**

In Counts 1 and 2 of the second amended complaint, plaintiffs bring putative class actions under the FLSA, 29 U.S.C. § 207(a)(1), and under the Illinois Minimum Wage Law, 820 ILCS 105/4a(1). The analysis under the statutes is identical. Condo v. Sysco Corp., 1 F.3d 599,

601 n.3 (7th Cir. 1993). Under both statutes, employees who work more than 40 hours per workweek must be paid for the excess time at one-and-a-half times their regular rate. The carriers allege that, although they routinely work more than 40 hours a workweek, their excess work is not paid at all, much less paid at overtime rates.

The moving defendants argue that the overtime wage claims are inadequately pleaded for three reasons: (1) the complaint's factual allegations are merely conclusory recitations of the statutory elements; (2) contrary to the complaint, plaintiff Washington has not worked for defendant Med-Spec Florida since April 2016, and plaintiff Ratliffe has never worked for Med-Spec Florida; and (3) the moving defendants need not pay the carriers overtime wages because the carriers are employees of motor carriers. None of the three arguments has merit. The moving defendants' motions to dismiss the overtime wage claims are therefore denied.

### 1.1 Sufficiency of the factual allegations

To state an overtime wage claim, an employee "must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." Hirst v. Skywest, Inc., 910 F.3d 961, 966 (7th Cir. 2018). Plaintiffs have done so. As alleged in the second amended complaint, the carriers' delivery tasks include: taking instructions from their employers; coordinating logistics with clinics; driving to those clinics to pick up medical supplies and biological material; and delivering the medical supplies and biological material to hospitals, laboratories, and dialysis companies throughout Cook County. To complete these tasks, the carriers allegedly must work more than 40 hours per workweek. The named plaintiffs allege that, ever since they started working for the defendant companies, (1) they worked excess hours without pay in at least two weeks out of every month, and (2) in those weeks, the excess hours that they worked ranged from one to ten. Those allegations provide enough context to raise a

plausible inference that there was at least one workweek in which the named plaintiffs were underpaid. Hirst, 910 F.3d at 966.

The moving defendants' next two arguments rely solely on two declarations by defendant William Jenkins, which the moving defendants filed with their motions to dismiss. The court will not consider those declarations (or plaintiffs' affidavits), however, because they are outside the four corners of the complaint. Powe v. Chicago, 664 F.2d 639, 642 (7th Cir. 1981).

**1.2     Employment with Med-Spec Florida**

Employees can assert their rights to overtime wages against only their employer. 29 U.S.C. § 207(a)(1). If Washington and Ratliffe had not worked for Med-Spec Florida, dismissing the overtime wage claims against Med-Spec Florida would be proper. The complaint, however, raises a plausible inference that Med-Spec Florida, through its owner, defendant Williams Jenkins, jointly employed Washington and Ratliffe. Washington and Ratliffe allege that:

- they were employed jointly by the three company defendants, including Med-Spec Florida;
- Med-Spec Illinois and Med-Spec Florida merged in 2015 into Med-Spec Florida;
- after the merger, Med-Spec Illinois continued to operate unchanged;
- the third company defendant, Logistics Transport Management, is a limited liability company incorporated in Florida;
- Logistics Transport Management is the legal entity that pays the carriers;
- the three company defendants have the same owner, defendant William Jenkins;
- for each of the three companies, Jenkins is also the president, authorized agent, manager, Chief Executive Office, and Chief Operating Officer;
- when they were hired, Jenkins told them that they would be working for a company called "Med-Spec. Transport, Inc.";
- that their work, company email addresses, uniforms, delivery sheets, and other indicia of employment all referenced Med-Spec. Transport, Inc.; and
- Jenkins controls their discipline, schedules, delivery routes, and requests for time off.

For a joint-employer relationship, "each alleged employer must exercise control over the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case." Moldenhauer v. Tazewell-Pekin Consolidated Communications Center, 536 F.3d 640, 643–44 (7th Cir. 2008). The complaint's allegations raise a plausible inference that each of the company defendants, including Med-Spec Florida, exercise control over the carriers' working conditions through their owner, Jenkins. No more is required to survive a motion to dismiss.

### 1.3 Motor carrier exception

Next, the moving defendants argue that employees of motor carriers are employees "to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service," 29 U.S.C. § 213(b)(1). Such employees have no right to overtime wages under the FLSA. Id. The moving defendants' argument is without merit.

The carriers were not obliged to plead that the motor carrier exemption did not apply. An FLSA exemption is an affirmative defense, Corning Glass Works v. Brennan, 417 U.S. 188, 196–97 (1974), and a plaintiff "need not anticipate and attempt to plead around affirmative defenses." Hyson USA, Inc. v. Hyson 2U, Ltd., 821 F.3d 935, 939 (7th Cir. 2016). Dismissal based on an affirmative defense is proper only "when the allegations of the complaint set forth everything necessary to satisfy the affirmative defense," id. (citation, alteration, and quotation marks omitted), which the complaint here does not do. Just the opposite: the complaint alleges that the carriers make their deliveries using their personal vehicles—vehicles that each weigh less than 10,000 pounds—and the motor carrier exemption does not apply to drivers "who perform[] duties on motor vehicles weighing 10,000 pounds or less," SAFETEA–LU Technical Corrections Act of 2008, Pub. L. No. 110 – 244, 122 Stat. 1572.

**2      Sex discrimination claim**

In Count 3, Washington brings a claim under the Equal Pay Act, 29 U.S.C. § 206(d), on behalf of a putative class of female carriers, alleging that female carriers earn less pay and benefits than male carriers. The moving defendants' motion to dismiss the Equal Pay Act claim is denied. Washington alleges that: the class consists of female carriers; the female carriers perform jobs that require equal skill, effort, and responsibility compared to male carriers; the female carriers perform their jobs under similar working conditions compared to male carriers; and the female carriers nonetheless are subjected to less pay and benefits. Although somewhat conclusory, these allegations are enough to give fair notice of Washington's claim and the grounds on which it rests. Iqbal, 556 U.S. at 678.

## **CONCLUSION**

The moving defendants' motions to dismiss (Docs. 38, 40) are denied. This case remains set for a report on status on May 8, 2019, at 9:10 a.m.

**ENTER:**     **May 7, 2019**

_____
**Robert W. Gettleman**
**United States District Judge**